```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```
_____

| | |
|---|---|
| **DEANDRE LAWENDELL JONES,** ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | No. 18-cv-2875-TLP-tmp |
| ) | |
| **SGT. F/N/U MAYBLE and SGT.** ) | |
| **HUGGINS,** ) | |
| ) | |
|    Defendants. ) | |

_____

**ORDER GRANTING DEFENDANT HUGGINS'S MOTION TO COMPEL**
_____

    Before the court by order of reference is a motion to compel filed by Defendant Andrew Huggins on July 22, 2020. (ECF Nos. 19 & 20.) As of January 14, 2021, plaintiff Deandre Lawendell Jones has not filed a response. For the reasons below, the motion to compel is hereby GRANTED.

    On December 30, 2019, Huggins sent Jones interrogatories and requests for production. (ECF No. 19-2.) Jones did not respond to these discovery requests within thirty days as required by the Federal Rules of Civil Procedure. (ECF No. 19-1, at 1.) Counsel for Huggins sent a letter to Jones on February 12, 2020, requesting that he submit responses to the discovery requests. (ECF No. 19-3.) Jones subsequently responded to the interrogatories and requests for production but did not sign the requested

Authorization to Use and Disclose Protected Health Information. (ECF No. 19-1, at 1.) Accordingly, counsel for Huggins sent another letter to Jones on March 18, 2020, requesting that he sign the authorization form omitted from his responses. (ECF No. 19-4.) Jones did not respond to this letter. (ECF No. 19-1, at 2.) Accordingly, Huggins requests that the court enter an order compelling Jones to sign the Authorization to Use and Disclose Protected Health Information. Huggins also seeks attorney's fees connected with preparing and filing the instant motion.

For interrogatories, Rule 33 requires that "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). For requests for production, Rule 34 requires that "[t]he party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference." Fed. R. Civ. P. 34(b)(2)(A). "Generally, 'when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.'" Comer v. Shrum, No. 4:18-cv-00058, 2019 U.S. Dist. LEXIS 223350, 2019 WL 7288153, at *4 (E.D. Tenn. Sept. 27, 2019) (quoting Greene v. Cracker Barrel Old Country Store, Inc., No. CIV 09-2110-A/P, 2009 U.S. Dist. LEXIS 56410, 2009 WL 1885641, at *2 (W.D.

Tenn. July 1, 2009)). In the present case, Huggins propounded his interrogatories and requests for production of documents on December 30, 2019. Jones had thirty days to raise a timely objection to those requests, and because he did not do so, any objections are deemed waived.

It is also worth noting that Local Rule 7.2 provides that "[f]ailure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion." LR 7.2(a)(2). Because Jones did not file a response to the motion, Local Rule 7.2 provides an additional ground for granting the motion. Accordingly, defendant's motion to compel is hereby GRANTED. Jones must sign and return the Authorization to Use and Disclose Protected Health Information form within fourteen (14) days from the entry of this order.

Regarding Huggins's request for attorney's fees, Rule 37(a)(5)(A) provides that if the court grants a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, "the court must not order this payment if: (i) the movant filed

the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id. Counsel for Huggins attempted several time to obtain discovery without seeking court intervention, and Jones has not offered any justification for his failure to respond to the discovery requests. However, under the circumstances, the court finds that an award of expenses would be unjust at this time. Accordingly, the motion for attorney's fees is DENIED. However, should Jones fail to comply with the Federal Rules of Civil Procedure, Local Rules, or this court's orders in the future, he may be subject to sanctions, including but not limited to attorneys' fees and/or dismissal of his complaint with prejudice.

    IT IS SO ORDERED.

                                      s/ Tu M. Pham
                                      TU M. PHAM
                                      Chief United States Magistrate Judge

                                      January 14, 2021
                                      Date