# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DEANDRE LAWENDELL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:18-cv-02875-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| SGT. F/N/U MAYBLE and SGT. ) | |
| HUGGIN, ) | |
| ) | |
| Defendants. ) | |

## ORDER DISMISSING CASE WITHOUT PREJUDICE
## FOR FAILURE TO PROSECUTE

### BACKGROUND

In December 2018, Plaintiff Deandre Jones sued pro se under 42 U.S.C. § 1983 alleging that Defendant Mayble and Defendant Huggins violated his constitutional rights. (ECF Nos. 1 & 4.) But Plaintiff never served Defendant Mayble with summons as required by Federal Rule of Civil Procedure 4. (*See* ECF No. 10.) The Court held a status conference with the parties in August 2020, and the Court explained that Plaintiff needed to serve Defendant Mayble to prosecute his case. (ECF No. 25.) Based on the record, Plaintiff has made no efforts to do so. In April 2021, the Court held another status conference with the parties and explained to Plaintiff that it intended to dismiss Plaintiff's claims against Defendant Mayble for Plaintiff's failure to prosecute. (*See* ECF No. 34.) Plaintiff did not object.

As for Defendant Huggins, Plaintiff failed to respond to his Motion for Summary Judgment. (*See* ECF No. 29.) And the Court ordered Plaintiff to show cause as to why it should not grant the summary judgment motion. (ECF No. 31.) Again, Plaintiff failed to respond.

Plaintiff also failed to comply with Defendant Huggins' discovery requests even after the Magistrate Judge granted Defendant's Motion to Compel.  (*See* ECF No. 30.)  The Court granted Defendant Huggins' Motion for Summary Judgment on the merits, which ended Plaintiff's case against Huggins.  (*See* ECF No. 34.)

At this point, Plaintiff has failed to prosecute this case against both Defendants.  Accordingly, the Court **DISMISSES** Plaintiff's remaining claims against Defendant Mayble **WITHOUT PREJUDICE** due to Plaintiff's failure to prosecute.  Dismissal without prejudice is warranted for the reasons below.

## ANALYSIS

In considering dismissal for failure to prosecute, the Court analyzes four factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  (*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  Yet, "[T]he sanction of dismissal *without prejudice* is a comparatively lenient sanction, and thus the controlling standards should be greatly relaxed . . . . because the dismissed party is ultimately not irrevocably deprived of his day in court."  *Muncy v. G.C.R., Inc.*, 110 Fed. Appx. 552, 556 (6th Cir. 2004).

First, Plaintiff has failed to respond to this Court's orders.  And Plaintiff has failed to serve Defendant Mayble, even after having notice from the Court and ample time to serve.  This first factor weighs in favor of dismissal.

Second, the Sixth Circuit has explained that a plaintiff's conduct creates prejudice where the defendant is required to "waste time, money, and effort in pursuit of cooperation which the

plaintiff was legally obligated to provide." Defendant Mayble will suffer prejudice if this case lingers, while he is not a party to this action and unable to investigate Plaintiff's claims against him. Plaintiff, in pursuing this action, was obligated to serve Defendant Mayble. Accordingly, his failure to meet those obligations prejudices Defendant.

Third, the Court held a status conference with the parties and explained to Plaintiff that he needed to serve Defendant Mayble. (*See* ECF No. 25.) The Court also ordered Plaintiff to show cause explaining why he failed to respond to Huggins' summary judgment motion. (ECF No. 31.) The Court then held another status conference explaining to Plaintiff that he has failed to prosecute this action and that the Court intended to dismiss his case without prejudice; Plaintiff did not object. (*See* ECF No. 34.) And so, Plaintiff had notice that the Court would be dismissing his claims. The Court notes that this is a dismissal *without* prejudice. Hence, the Court is not depriving Plaintiff of his day in court.

Fourth, this Court has imposed less drastic sanctions such as entering an order to show cause. (*See* ECF No. 31.) Thus, at this point, the Court cannot discern a less drastic sanction that will not prejudice the Defendant. So, this factor too weighs in favor of dismissal. But, as a dismissal *without* prejudice, this is a less drastic sanction than dismissing *with* prejudice.

For these reasons, the Court **DISIMSSES** Plaintiff's claims **WITHOUT PREJUDICE** due to Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b).

**SO ORDERED**, this 12th day of May, 2021.

    s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE