## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| DEANDRE LAWENDELL JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:18-cv-02875-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| SGT. F/N/U MAYBLE and SGT. HUGGIN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANT HUGGINS' MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION TO DISMISS AS MOOT

Plaintiff Deandre Lawendell Jones sued pro se under 42 U.S.C. § 1983 alleging that Defendant Mayble and Defendant Huggins violated his constitutional rights.  (ECF No. 1.) Defendant Huggins ("Defendant") now moves for summary judgment.  (ECF No. 29.)  But Plaintiff did not respond to Defendant's motion, even after the Court ordered him to show cause.  (ECF No. 31.)  Defendant also moves to dismiss, claiming that Plaintiff has failed to prosecute this action.  (ECF No. 33.)  For the reasons below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Defendant's Motion to Dismiss as moot.

## BACKGROUND

Plaintiff is an inmate in Tennessee prison.  The state held him in the Hardeman Country Correctional Facility ("HCCF") at the time of the alleged incident.  (ECF Nos. 4 at PageID 17; 29-2 at PageID 145.)  Plaintiff sued originally in December 2018.  (ECF No. 1.)  He later amended his Complaint in January 2019.  (ECF No. 4.)

Plaintiff claims that, on September 15, 2018, Defendant Mayble, a correctional officer at HCCF, grabbed his arm and pulled it through the flap in his cell door.  (*Id.* at PageID 17.) Plaintiff alleges that while Defendant Mayble was holding Plaintiff's arm in the flap, Defendant Mayble sprayed his face with mace.  (*Id.* at PageID 17–18.)  Mayble then closed the flap on Plaintiff's hand and wrist, causing cuts on his hand and wrist.  (*Id.*)  An incident report from that day confirms a use of force at 8:45 a.m.  (ECF Nos. 29-2 at PageID 146; 29-4 at PageID 157.)

After the alleged incident at around 9:00 a.m., Defendant Huggins and another officer escorted Plaintiff to medical, where Nurse Teresa Brown examined Plaintiff.  (ECF Nos. 29-2 at PageID 146; 29-4 at PageID 157.)  Nurse Brown shared that Plaintiff was uncooperative and aggressive and suffered from a 2x1 centimeter abrasion on his left hand at the base of his thumb.  (ECF Nos. 29-2 at PageID 146–47; 29-4 at PageID 157.)  After cleaning the abrasion and covering it with a band-aid, Nurse Brown instructed Plaintiff on self-decontamination because of his exposure to Oleoresin Capsicum ("OC") spray.  (ECF Nos. 29-2 at PageID 147; 29-4 at PageID 157.)  After Nurse Brown saw Plaintiff, the officers escorted Plaintiff back to his cell.  (ECF Nos. 29-2 at PageID 147; 29-4 at PageID 157.)  And based on the record, Plaintiff never filed a grievance about this incident.  (ECF No. 29-2 at PageID 150.)

Defendant now moves for summary judgment, and because the Court finds no genuine issue of material fact, the Court **GRANTS** Defendant's motion.

## SUMMARY JUDGMENT STANDARD OF REVIEW

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense."  *Bruederle v.*

2

*Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012) (citing *Kendall v. Hoover Co.*, 751
F.2d 171, 174 (6th Cir. 1984)).  And "[a] dispute over material facts is 'genuine' 'if the
evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Id.*
(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  What is more, "[w]hen
the non-moving party fails to make a sufficient showing of an essential element of his case on
which he bears the burden of proof, the moving parties are entitled to judgment as a matter of
law and summary judgment is proper."  *Chapman v. UAW Local 1005*, 670 F.3d 677, 680 (6th
Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"In considering a motion for summary judgment, [the] court construes all reasonable
inferences in favor of the nonmoving party."  *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir.
2014) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).
And "[t]he moving party bears the initial burden of demonstrating the absence of any genuine
issue of material fact."  *Mosholder v. Barnhardt*, 679 F.3d 443, 448 (6th Cir. 2012) (citing
*Celotex Corp.*, 477 U.S. at 323).

"Once the moving party satisfies its initial burden, the burden shifts to the nonmoving
party to set forth specific facts showing a triable issue of material fact."  *Id.* at 448–49; *see also*
Fed. R. Civ. P. 56(e).  This means that, if "the non-moving party fails to make a sufficient
showing of an essential element of his case on which he bears the burden of proof, the moving
parties are entitled to judgment as a matter of law and summary judgment is proper."  *Martinez
v. Cracker Barrel Old Country Store, Inc.*, 703 F.3d 911, 914 (6th Cir. 2013) (quoting
*Chapman*, 670 F.3d at 680).

And "to show that a fact is, or is not, genuinely disputed, both parties are required to
either cite to particular parts of materials in the record or show that the materials cited do not

establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Bruederle*, 687 F.3d at 776 (internal quotations and citations omitted).

Just because Plaintiff is pro se does not alter his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). What is more, "when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and . . . a party's status as a pro se litigant does not alter this duty on a summary judgment motion." *Garrett v. Mich. Dep't of Corr.*, No. 3:18-CV-12844, 2020 WL 5223800, at *5 (E.D. Mich. July 13, 2020) (internal quotations omitted) (citing *United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a pro se plaintiff because he "failed to present any evidence to defeat the government's motion")). Plus this Court tried to warn Plaintiff about the legal requirements with its order to show cause. (ECF No. 31.)

With these standards in mind, the Court will now analyze Defendant Huggins' motion.

## ANALYSIS OF SUMMARY JUDGMENT MOTION

### I.     Plaintiff Does Not Oppose Defendant Huggins' Motion for Summary Judgment

For starters, Plaintiff failed to respond to this motion for summary judgment. Defendant Huggins moved for that relief on January 8, 2021. (ECF No. 29.) And under Local Rule 56.1(b), "[a] party opposing a motion for summary judgment must file a response within 28 days after the motion is served." And so, Plaintiff had until February 5, 2021, to respond to Defendant Huggins's motion for summary judgment. He did not.

A few weeks after the motion here, this Court entered an Order requiring Plaintiff to show cause on or before March 18, 2021 "by filing a notice that sets forth the reasons for Plaintiff's late response and addressing why the Court should not grant Defendant's summary judgment motion." (ECF No. 31 at PageID 166.).  But, again, he did not respond.  To date, Plaintiff has not responded. Plaintiff therefore does not oppose Defendant Huggins's motion.

All the same, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded."  *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). "The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden."  *Id.*  With these standards in mind, the Court will now address Plaintiff's alleged Eighth Amendment violation.

## II.     Summary Judgment is Appropriate Because Defendant Huggins Was Not Deliberately Indifferent to a Serious Medical Need

In his complaint, Plaintiff alleged that Defendant Huggins "refused to take him for medical attention," which amounts to a deliberate indifference claim.  (ECF No. 7 at PageID 33.) But here the undisputed facts reflect that officer Huggins took Plaintiff promptly to see the nurse who examined him shortly after the incident.  (ECF No. 29-1 at PageID 136-37; ECF No. 29-4 at PageID 157-58.)

### A.     Deliberate Indifference Standard

With that in mind, the Court analyzes the alleged failure to provide medical treatment as a claim for deliberate indifference to serious medical needs.  (*See* ECF No. 7 at PageID 33.) Under *Estelle v. Gamble*, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment."  429 U.S. 97, 104 (1976).  To state a valid claim, "a prisoner must allege acts or

omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

And so a claim for deliberate indifference to serious medical needs has an objective and subjective component. The objective component requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). And "a medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention." *Id.* at 897 (internal quotation marks omitted); *see also Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). An inmate who "complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Laurel Cty.*, 636 F.3d 218, 222 (6th Cir. 2011).

As for the subjective component, a plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). And "deliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835; *see also Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010). A court therefore will not hold a prison official liable under the Eighth Amendment unless that official subjectively knows of an excessive risk of harm to an inmate's health or safety and then disregards that risk. *Farmer*, 511 U.S. at 837.

### B.    Analysis of Deliberate Indifference Claim

For starters, the Nurse Brown testified through her declaration that she examined Plaintiff's hand just 15 minutes after he had the encounter at issue here. (ECF No 29-4 at

PageID 157-58.)  So the record here is uncontested that medical personnel promptly saw Plaintiff just after the incident alleged.  (ECF No. 29-1 at PageID 136.)  That alone refutes Plaintiff's allegation that Defendants failed to get him treatment.  What is more, Plaintiff failed to make a sufficient showing of either the objective or subjective components of his denial of medical care claim.

i.    **Objective Component**

Plaintiff does not meet the objective component because he did not suffer from a serious enough medical need.  In his complaint, Plaintiff alleged that Defendant Huggins did not take him to get medical treatment after Defendant Mayble injured his hand and sprayed him with pepper spray.  (ECF No. 4. At PageID 17–18.)  He claims that the pepper spray caused his face, nose, and eyes to burn.  (*Id.*)

But this Court agrees with this holding: "the effects of OC spray, standing alone, fail to indicate an objective, sufficiently serious medical need giving rise to constitutionally-mandated medical treatment where the inmate had access to soap and water to decontaminate." *Woodard v. Winters*, No. 2:16-cv-704, 2018 WL 3020336, at *11 (S.D. Ohio June 18, 2018) (internal quotation marks omitted) (citing *Payne v. Gifford*, No. 1:16-cv-514, 2017 WL 4329631, at *5 (S.D. Ohio Sept. 5, 2017)).  And temporary discomfort caused by pepper spray is not serious enough to show an Eighth Amendment violation.  *Jeter v. Ohio Dep't of Rehab. & Corr.*, No. 1:17-cv-756, 2019 WL 5066851, at *9 (S.D. Ohio October 9, 2019).

Here, there is no evidence that Plaintiff experienced symptoms beyond the typical effects of pepper spray.  And here, Nurse Brown saw him within minutes and gave him instructions on how to deal with the burning sensation.  (ECF No. 29-4 at PageID 157.)  There is no evidence in the record showing that Plaintiff could not access soap and water.  (*See* ECF Nos. 29-2; 29-4.)

7

That is why, even though Plaintiff claims the pepper spray caused burning, he has not made enough of a showing that he had a serious medical need beyond the normal effects of OC spray. (*See* ECF No. 4.)

Plaintiff also fails to show that the cut on his hand was serious enough.  Plaintiff had a 2x1 centimeter abrasion on his left hand at the base of his hand.  (*See* ECF Nos. 29-2 at PageID 145; 29-4 at PageID 157.)  The Court finds that the cut on Plaintiff's hand was small, and Nurse Brown easily treated it with soap, water, and a band-aid.  (*See id.*)  This is not the type of injury contemplated by the deliberate indifference standard for an Eighth amendment violation.  Even if Plaintiff did suffer from a serious enough need, Defendant did not act with deliberate indifference, because the record shows that he took Plaintiff for prompt medical care.  (*See id.*) What is more, Plaintiff not only failed to show a delay in treatment but also he failed to produce any medical evidence establishing "the detrimental effect of the delay in medical treatment." *Santiago*, 734 F.3d 585, 590 (6th Cir. 2013).

In the end, Plaintiff fails to show that he had a serious enough medical need, and the Court finds no genuine issue of material fact on this issue.

### ii.    Subjective Component

Even if the Court were to find that Plaintiff established the objective component, the Court would still grant Defendant's motion because Plaintiff has not proved the subjective component of his Eighth Amendment claim.  To establish the subjective component, Plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Here, fifteen minutes after the alleged incident, Defendant Huggins and another officer took Plaintiff to Nurse Brown.  (ECF No. 29-1 at PageID 137.)  Nurse Brown then treated Plaintiff for his cut and the pepper spray.  (*Id.*)  She cleaned his abrasion and "gave Plaintiff

instructions on self-decontamination and discharged him back to his cell." (*Id.*)  And so, Defendants were not indifferent to his medical needs after the use of force.

What is more, Plaintiff has failed to produce evidence that Defendant, or any other prison official for that matter, knew of and disregarded a substantial risk of serious harm to his health. In fact, the record reflects quite the opposite; Defendant Huggins immediately escorted Plaintiff to the nurse's station, and the nurse treated him.  (ECF No. 29-1 at PageID 137.)

All in all, the Court finds no genuine issue of material fact on this issue either.  And so, the Court **GRANTS** Defendant Huggins's Motion for Summary Judgment.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff also failed to exhaust properly his administrative remedies under the Prison Litigation Reform Act ("PLRA").  The PLRA requires that inmate plaintiffs exhaust their administrative remedies before suing under 42 U.S.C. § 1983.  42 U.S.C. § 1997e(a).  This exhaustion requirement applies to all lawsuits "brought with respect to prison conditions," regardless of the claim or the relief sought.  *Porter v. Nussle*, 534 U.S. 516, 524 (quoting 42 U.S.C. § 1997e(a)).  For these reasons, an inmate cannot bring unexhausted claims into court. *Jones v. Bock*, 549 U.S. 199, 211 (2007).  The Sixth Circuit has held that summary judgment is appropriate when a defendant successfully shows an inmate-plaintiff's failure to exhaust available administrative remedies.  *Napier*, 636 F.3d at 222.

The PLRA requires "proper exhaustion," meaning the inmate must comply with the prison's procedural rules to satisfy the exhaustion requirement.  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).  The prison grievance process sets those procedural rules for making a claim, not by the PLRA.  *Jones*, 549 U.S. at 218.  The Sixth Circuit has held that "an inmate does not exhaust available administrative remedies when the inmate entirely fails to invoke the prison's grievance

procedure." *Napier*, 636 F.3d at 224 (quoting *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003)).

In his Complaint, Plaintiff claims that he started an inmate grievance, but the facility transferred him before he received a response.  (ECF No. 4 at PageID 17.)  By contrast, Defendant submitted a declaration from Rebecca Wilson, the Grievance Chairperson at HCCF, and it explains that there are no records of Plaintiff filing a grievance while at HCCF.  (ECF No. 29-3.)  In her Declaration, Ms. Wilson explains how the grievance procedure works.  (*See id.*)  HCCF has a grievance policy.  (*Id.* at PageID 152.)  Upon arrival at HCCF, facility staff provides inmates with a copy of the inmate handbook, containing the grievance procedure.  (*Id.* at PageID 153.)

These procedures require an inmate to submit a grievance within "seven calendar days of the occurrence giving rise to the grievance."  (*Id.*)  An inmate is also required to provide specific details of the occurrence giving rise to the grievance, such as "dates, times, and the names of the persons involved."  (*Id.*)  If an inmate does not name a staff member or employee in a grievance, the inmate has not exhausted the grievance procedure over the actions of that staff member or employee.  (*Id.*)  HCCF maintains records of all properly filed inmate grievances in a computerized database for the TDOC called Tennessee Offender Management Information System ("TOMIS").  (*Id.*)

Here, HCCF staff gave Plaintiff the policy when he arrived at HCCF on April 26, 2017.  (*Id.* at PageID 153–54.)  Based on TOMIS, Plaintiff has filed only three grievances—none of which when he was at HCCF.  (*Id.* at PageID 154.)  Two of these were filed at Trousdale Turner Correctional Complex in 2016 and one at West Tennessee State Penitentiary on December 13,

2019. (*Id.*) These filings show Plaintiff was familiar with the grievance procedure. Even still, Plaintiff did not file any grievances while housed at HCCF. (*Id.*)

Because Defendant moved for summary judgment, it was his burden to show there was an absence of evidence to support Plaintiff's cause. *Celotex Corp.*, 477 U.S. at 325. Defendant has met that burden on the exhaustion question by presenting the Declaration of Rebecca Wilson and including the information from TOMIS.

Once Defendant put forth this evidence, Plaintiff needed to present "significant probative evidence" to defeat the motion for summary judgment on this ground. *Anderson*, 477 U.S. at 248. But again, Plaintiff failed to respond either to this Motion for Summary Judgment or this Court's Order to Show Cause. And so, even though Plaintiff claimed in his Complaint that he started a grievance, he did not present any evidence supporting that claim.

Defendant therefore met his burden to prove that there was no disputed issue on whether Plaintiff had exhausted his remedies, and summary judgment is appropriate on these grounds alone.

## DEFENDANT'S MOTION TO DISMISS AND FOR SANCTIONS

Defendant Huggins also moves to dismiss because Plaintiff has failed to prosecute this action. (ECF No. 33.) Defendant explains that Plaintiff ignored discovery requests, even after the Magistrate Judge granted Defendant's motion to compel. (*Id.*) What is more, Plaintiff did not respond to Defendant's Motion for Summary Judgment or this Court's Order to Show Cause. (*Id.*)

 Defendant requests that the Court dismiss this action with prejudice as a sanction for Plaintiff's failure to prosecute. (*Id.*) The Court agrees that Plaintiff has failed to prosecute this case and dismissal is warranted. But if this Court were to dismiss the case for failure to

prosecute, that dismissal would likely be without prejudice.  Here though, the Court is granting

Defendant's motion for summary judgment on the merits, with prejudice, which ends Plaintiff's

claims against Defendant Huggins.  This Court's ruling therefore on Defendant's motion for

summary judgment effectively moots Defendant's motion to dismiss.  As a result, the Court

**DENIES** Defendant's motion to dismiss and for sanctions as moot.

<u>**CONCLUSION**</u>

For these reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment and

**DENIES** Defendant's Motion to Dismiss as moot.

**SO ORDERED**, this 14th day of May, 2021.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE